UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALVARO DOMARCO-SANCHEZ,<br><br>　　　　　Defendant. | No.  2:94-cr-00251-GEB-GGH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

　　　　In a February 2, 2015 filing, Defendant Alvaro Domarco-Sanchez requests that the "Court appoint counsel to assist him [in] preparing and filing a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) related to United States Sentencing Commission's Amendment 782." (Def.'s Mot. 1, ECF No. 315.) On May 4, 2015, the Office of the Federal Defender filed a notice stating it "does not recommend appointment of counsel in this case." (ECF No. 319.)

　　　　The Court also construes Defendant's February 2, 2015 filing as a motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) and requested the government file a response thereto.

　　　　On September 18, 2015, the government filed an opposition, rejoining that "[D]efendant does not qualify for a sentence reduction." (Gov't Opp'n 3:12-13, ECF No. 321.) The government argues:

1

> To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), [D]efendant must show that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)).
>
> . . . .
>
> Under the current version of § 2D1.1, [the amount of methamphetamine (actual) attributed to the defendant,] 2.14 kilograms[,] . . . results in [the same Base] Offense Level of 36. U.S.S.G. § 2D1.1(c)(2) (setting Base Offense Level of 36 for offense involving drug quantity between 1.5 and 4.5 kilograms of methamphetamine (actual)). Thus, the [D]efendant's base offense level is unaffected by Amendment 782 and, consequently, his guideline range of 240 months to 293 months on Counts 1 and 2 remains the same today as at it was during his original sentencing. Similarly, Amendment 782 did not alter the mandatory consecutive sentence of 60 months required on Count 3. Stated another way, . . . the [D]efendant is ineligible for relief because Amendment 782 did not have the effect of lowering his applicable guideline range.

(Id. at 3:12-4:10.)

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009) (internal quotation marks omitted) (quoting United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007)).

> However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

2

1 | Id. (quoting 18 U.S.C. § 3582(c)(2)).

2 |     The Sentencing Commission policy statement relevant to this case prescribes: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the relevant] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

    Here, "[Amendment 782] does not result in a different sentencing range, [therefore] the defendant is not eligible for a sentencing reduction pursuant to Section 3582(c)(2)." United States v. Gonzalez, No. 1:94-CR-5011 LJO, 2015 WL 854206, at *1 (E.D. Cal. Feb. 26, 2015). Accordingly, Defendant's motion for a sentencing reduction is DENIED.

Dated: September 23, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge